Thomas P. Stitt, Easton, Pa., for defendant.

Terence L. Faul, Bangor, Pa., for plaintiff.

**In re James Ronald CRESSMAN and Ann Marie Cressman, husband and wife, Debtors.**

**LAFAYETTE TRUST BANK, Plaintiff,**

v.

**James Ronald CRESSMAN and Ann Marie Cressman, Defendants.**

**Bankruptcy No. 81–03626 T.
Adv. No. 81–2021.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 19, 1982.

## MEMORANDUM AND OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case is before us on the complaint of a creditor to modify the automatic stay under 362(d). For reasons hereinafter given, we will dismiss the creditor's complaint and allow the stay to remain in effect.[1]

The debtor-defendants James Ronald Cressman and Ann Marie Cressman (hereinafter, "debtors") filed a petition under Chapter 7 of the United States Bankruptcy Code on September 10, 1981. The schedules filed by the debtors listed their interest in real estate located at 3245 Illinois Street, Easton, Pennsylvania. This real estate was encumbered by a mortgage and two judgment notes held by Lafayette Trust Bank (hereinafter, "the Bank"). The Bank filed a complaint to modify the automatic stay imposed by operation of 11 U.S.C. § 362. The debtors filed an application to avoid the Bank's judgment liens. The matters were consolidated for trial and a hearing was held on March 3, 1982. We are issuing an Opinion and Order which allows the debtors to avoid the judgment liens.

The balance due on the mortgage at the date of the hearing was $55,790.10. The value of the real estate was estimated to be $66,500.00. Debtors have amended schedules B–4 to exempt the difference of $11,-290.00 under 11 U.S.C. § 522(d)(5) because

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

the real estate is not being used as their principal residence. 11 U.S.C. § 362(d) grants this Court the power to modify the automatic stay on request of a party in interest under the following circumstances:

1. for cause, including the lack of adequate protection of an interest in property of such party in interest; or

2. with respect to a stay of an act against property, if-

  (a) the debtor does not have an equity in such property; and

  (b) such property is not necessary to an effective reorganization.

The Bank has not demonstrated that its interest in the subject property is being detrimentally affected during the pendency of the stay. There is no evidence before us upon which to conclude that the value of the real estate is depreciating. As the Bank has the first mortgage position, it is not being prejudiced by the stay. We have determined that the debtors have equity in the property as a result of our decision that the Bank's judgment notes are avoidable. For these reasons, we will dismiss the Bank's complaint to modify the stay.